IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MANJU WOODS,**

    **Plaintiff,**

  v.                                  Civil Action 2:19-cv-5208
                                       Judge Michael H. Watson
                                       Magistrate Judge Jolson

**ADAM GREGORY BROOKS, et al.,**

    **Defendants.**

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion for Change of Venue (Doc. 8). For the reasons that follow, the Motion is **DENIED**.

**I.    BACKGROUND**

This case arises out of an alleged business relationship turned sour. Plaintiff is a resident of Ohio. (Doc. 1, ¶ 12). Defendant Brooks is a Florida resident and the founder of Defendants Rep Networks, LLC and ZooMeds, LLC. (*Id.*, ¶¶ 13–18). Defendant Brooks incorporated Defendant Rep Networks in October 2018, and dissolved it in July 2019. (*Id.*, ¶¶ 16–17). Defendant Rep Networks marketed compound medications and "contracted with in-network pharmacies to fill patient prescriptions." (*Id.*, ¶ 23). Defendant Brooks incorporated Defendant ZooMeds in April 2019, and continues to operate it today. (*Id.*, ¶¶ 9, 18).

In September 2018, Defendant Brooks approached Plaintiff about working with him and his future company, Defendant Rep Networks, "overseeing compliance matters and managing sales teams." (*Id.*, ¶¶ 21). "Pursuant to Defendant Brooks' proposed compensation structure, Plaintiff Woods would be compensated a designated percentage of revenue generated by her sales

team." (*Id.*, ¶ 22). Plaintiff allegedly entered into an oral contract with Defendant Brooks and Defendant Rep Networks consistent with those proposed terms. (*Id.*, ¶ 26).

Plaintiff alleges that, over the next several months, Defendant Brooks worked to modify the terms of the agreement with Plaintiff to pay her on a flat fee basis. (*Id.*, ¶¶ 27, 31–33). Specifically, Plaintiff alleges that, "the parties mutually agreed to a modified hybrid arrangement in which Plaintiff would receive a $10,000 bi-weekly flat fee (later increased to $15,000), and that any revenue generated in excess of or less than the biweekly flat fee would be applied as a rollover towards the next bi-weekly payment." (*Id.*, ¶ 61). But, according to Plaintiff, Defendant Brooks failed "to pay any compensation due for sales revenue generated after on or about December 29, 2018." (*Id.*, ¶ 62).

Plaintiff filed this action, alleging that Defendants Brooks and Rep Networks breached their contract with Plaintiff and that the two were unjustly enriched. (*Id.*, ¶¶ 60–69). Additionally, Plaintiff brings a fraudulent transfer claim against all Defendants. (*Id.*, ¶¶ 70–75). Defendants subsequently filed the instant Motion, arguing that this case should be transferred to the United States District Court for the Southern District of Florida. (Doc. 8). The Motion is fully briefed and ripe for resolution.

## II. DISCUSSION

Defendants move to transfer this action pursuant to 28 U.S.C. § 1406(a) or, in the alternative, 28 U.S.C. § 1404(a).

### A. § 1406(a) Transfer

Defendants argue that venue is improper in this Court because this case has no connection to Ohio other than Plaintiff's residence here. (Doc. 8 at 3–6). Because a plaintiff's residence in a district is insufficient to establish venue, they contend, transfer under § 1406(a) is required. (*Id.*).

2

"[W]hether venue is wrong or improper . . . is generally governed by 28 U.S.C. § 1391." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tx.,* 571 U.S. 49, 55 (2013) (internal quotation marks omitted). Under that statute, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3). If venue is not proper under one of three enumerated categories, the case must be dismissed or transferred under § 1406(a). *Atl. Marine Const. Co.*, 571 U.S. at 56.

Plaintiff relies on § 1391(b)(2) as the basis for venue in the Southern District of Ohio. In assessing venue in contract cases, "courts look to (1) where the contract was negotiated and executed, (2) where the contract was performed, and (3) where the alleged breach occurred. Courts may also consider where the effects of a defendant's alleged breach are experienced." *Reilly v. Meffe*, 6 F. Supp. 3d 760, 766 (S.D. Ohio 2014) (citations omitted).

Here, the parties negotiated and executed the alleged contract, in part, in Ohio. (*See* Doc. 1, ¶¶ 6–7, 12–18 (alleging that Plaintiff is a resident of Ohio and that Defendants are residents of Florida); Doc. 9-1, ¶¶ 2–4 (averring that the parties negotiated the agreement by phone and that Defendant Brooks was aware that Plaintiff was an Ohio resident while negotiating the alleged agreement)). Second, the parties performed the contract, in part, in Ohio. (*See, e.g.*, Doc. 1, ¶ 30 (alleging that Plaintiff, a resident of Ohio, managed a team of six sales representatives from Ohio); Doc. 9-2, ¶¶ 1, 6 (averring that Plaintiff managed a team of six sales representatives from her home in Ohio and performed all of her services for Defendant Brooks and Defendant Rep Networks in

3

Ohio)). Finally, Plaintiff experienced the effects of Defendant Brooks' and Defendant Rep Networks' alleged breach in Ohio; Defendant Brooks allegedly failed to pay Plaintiff, an Ohio resident, pursuant to the terms of the parties' agreement, (*see* Doc. 1, ¶ 62). In the Court's view, these events establish a substantial connection between the Southern District of Ohio and Plaintiff's claims.

Defendants' arguments to the contrary are not persuasive. While Defendants have shown that Plaintiff's claims have a substantial connection to Florida, (*see* Doc. 8 at 4–5), "[v]enue may be proper in two or more districts, even though most of the events occurred in only one of the districts," *Reilly*, 6 F. Supp. 3d at 767 (citation and quotations omitted). "Defendants are not guaranteed a preferred venue, only a proper venue." *Id.* at 767–68 (citation and quotations omitted). Although Defendants may prefer the Southern District of Florida, venue is proper in the Southern District of Ohio. So transfer is not required.

**B. § 1404(a) Transfer**

Defendants also argue that the Court should exercise its discretion to transfer this case to the Southern District of Florida for the convenience of the parties and witnesses and in the interest of justice. (Doc. 8 at 6–7). In their view, transfer is appropriate because all of the relevant records and most of the witnesses, including the primary defense witnesses, are in Florida. (*Id.* at 7). Further, they argue, Defendant Brooks is unable to travel to Ohio due to his current financial situation and his childcare responsibilities. (*Id.*).

Section 1404(a) provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). It "is intended to place discretion in the district court to adjudicate motions for transfer

4

according to an individualized, case-by-case consideration of convenience and fairness. A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citation and quotations omitted).

"In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion … must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Const. Co.* 571 U.S. at 62. The private interest factors include: "(1) the convenience of the parties and witnesses, (2) the accessibility of the evidence, (3) the availability of compulsory process, (4) the cost of obtaining willing witnesses, (5) the practical problems of trying the case most expeditiously and inexpensively, and (6) the interests of justice." *Flatt v. Aspen Dental Mgmt., Inc.*, No. 2:18-CV-1278, 2019 WL 6044159, at *2 (S.D. Ohio Nov. 15, 2019) (citing *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009)). "Courts may also consider public-interest factors such as (1) court congestion, (2) local interest in deciding the controversy at home, and (3) in diversity cases, the interest of conducting the trial in the forum of the governing law." *Flatt*, 2019 WL 6044159, at *2 (citation omitted). Importantly, "[t]he Court must give foremost consideration to the plaintiff's choice of forum and the balance must weigh strongly in favor of a transfer before the Court should grant a [§] 1404(a) motion." *Worthington Indus., Inc. v. Inland Kenworth (US), Inc.*, No. 2:19-CV-3348, 2020 WL 1309053, at *13 (S.D. Ohio Mar. 18, 2020) (citation and quotations omitted). Ultimately, the movant "bears the burden of demonstrating that a change of venue is warranted." *Twist Aero, LLC v. B GSE Group, LLC*, No. 3:19-CV-00337, 2020 WL 1941013, at *8 (S.D. Ohio Apr. 22, 2020) (citation omitted).

The balance of these factors does not weigh in favor of transfer here. Defendants argue only that "all Defendants are domiciled in the Southern District of Florida"; "all of the events and

operative facts giving rise to the alleged breach occurred in southern Florida"; and "all records germane to the defense of this action are in Southern Florida and most of the witnesses, including the primary defense witnesses Adam Brooks and Brian Gettleman, are in Florida." (Doc. 8 at 7). But, as this Court has recognized, "[a] generalized assertion by a defendant that witnesses reside in, and documents are located in, the proposed transferee district, is generally insufficient to support a change of venue." *Doe S.W. v. Lorain-Elyria Motel, Inc.*, No. 2:19-CV-1194, 2020 WL 1244192, at *4 (S.D. Ohio Mar. 16, 2020) (citation and quotations omitted). Based on Defendants' generalized assertion, transferring this action to Florida would "serve[] merely to shift the inconvenience" from Defendants to Plaintiff, which is inconsistent with the statutory language and purpose of § 1404(a). *Id.* (citation and quotations omitted).

Defendants' only remaining argument is that Defendant Brooks' financial condition and childcare responsibilities prevent him from traveling out-of-state for "court appearances." (Doc. 8 at 7). "The relative financial strength of the parties and their respective abilities to conduct the litigation in the original forum and the proposed transferee forum are factors relevant to a decision to transfer." *Integrity Life Ins. Co. v. House*, No. 1:19-CV-645, 2020 WL 1914803, at *4 (S.D. Ohio Apr. 20, 2020) (citation and quotations omitted). While the parties dispute Defendant Brooks' financial condition and childcare responsibilities, the Court is confident that this litigation can be managed in such a way to accommodate both parties' financial resources and familial responsibilities. Depositions can be taken in person in Florida or by video. And, absent unusual circumstances, there will be little, if any, need for Defendant Brooks to travel to Ohio for any court appearance prior to trial. This factor, therefore, does not support transfer in this case.

Finally, Defendants have not addressed the remaining factors. *Cf. Twist Aero*, 2020 WL 1941013, at *8 (holding that the movant bears the burden of demonstrating that transfer is

6

warranted); *Abdulsalaam v. Franklin Cty. Bd. of Comm'rs*, 637 F. Supp. 2d 561, 576 (S.D. Ohio 2009), *aff'd*, 399 F. App'x 62 (6th Cir. 2010) (collecting cases) (holding that undeveloped arguments are waived). Based on the Court's independent review of the record, those factors do not favor transfer either.

Because Defendants' request to transfer would merely shift the inconvenience of litigating this matter to Plaintiff, they have not met their burden to show that Plaintiff's choice of forum should be disturbed.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion for Change of Venue (Doc. 8) is **DENIED**.

IT IS SO ORDERED.

Date:  May 6, 2020                    /s/ Kimberly A. Jolson
                                                  KIMBERLY A. JOLSON
                                                  UNITED STATES MAGISTRATE JUDGE