IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MANJU WOODS,

      **Plaintiff,**

  v.                                    Civil Action 2:19-cv-5208
                                           Magistrate Judge Kimberly A. Jolson

ADAM GREGORY BROOKS, et al.,

      **Defendants.**

## OPINION AND ORDER

This matter, in which the parties have consented to the jurisdiction of the Magistrate Judge under 28 U.S.C. § 636(c) (*see* Doc. 32), is before the Court on Plaintiff's Motion to Enforce Settlement Agreement (Doc. 41). For the reasons that follow, Plaintiff's Motion is **GRANTED**, and Defendants are **ORDERED** to pay a judgment in the full settlement amount of $9,000.00, as well as an additional award of $1,000.00, representing Plaintiff's attorney's fees in preparing this Motion.

**I.    BACKGROUND**

On November 25, 2019, Plaintiff initiated this action for breach of contract and unjust enrichment against Defendant Rep Networks, LLC and its owner, Defendant Adam Brooks. (Doc. 1). After the case was litigated for over a year, the parties participated in their first mediation, with Peter F. von Meister. (Doc. 14). That mediation ended at an impasse (Doc. 15), and the parties filed dispositive motions. Judge Michael H. Watson ruled on those motions, dismissing one claim and several counterclaims, but leaving Plaintiff's breach of contract and unjust enrichment claims for trial. (Doc. 30).

Prior to trial, the parties planned a second mediation, this time before Caitlin Miller. (Doc. 41 at 1). The parties then consented to the jurisdiction of the Magistrate Judge. (Doc. 32). The second mediation resulted in a settlement (Doc. 34), and the parties stipulated to dismissal of the claims, with the caveat that "[t]he Court shall expressly and explicitly retain jurisdiction to enforce the parties' settlement terms." (Doc. 36).

Several weeks after the dismissal, however, Plaintiff moved for leave to file a motion to enforce the settlement agreement under seal. (Doc. 37). Shortly thereafter, Defendants' counsel moved to withdraw, indicating that she had not been retained for post-dismissal litigation or motion practice, and that she had notified her clients about Plaintiff's pending motion. (Doc. 38). Both motions were granted (Docs. 39, 40) and Plaintiff subsequently filed the instant Motion to Enforce Settlement Agreement (Doc. 41). Defendants have not responded in opposition to the Motion, and it is therefore ripe for consideration.

## II.     STANDARD

"It is well established that courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them." *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988) (quoting *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1371 (6th Cir. 1976)). To enforce a settlement agreement, "a district court must conclude that agreement has been reached on all material terms." *RE/MAX Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 645–46 (6th Cir. 2001) (citing *Brock*, 841 F.2d at 154). When disputed facts surround the agreement, an evidentiary hearing is normally required; yet, when there is unambiguous agreement as to material terms, no evidentiary hearing is necessary. *Id.* at 646; *see also Aro Corp.*, 531 F.2d at 1372. Indeed, when "there is no dispute as to the terms of the agreement[,]" "[s]ummary enforcement of a settlement

2

agreement . . . is the only appropriate judicial response, absent proof of fraud or duress." *RE/MAX Int'l., Inc.*, 271 F.3d at 650 (citations omitted).

### III. DISCUSSION

Plaintiff asks the Court to enforce the terms of a written settlement agreement, signed by all parties. (Doc. 41 at 2–3). Further, Plaintiff asks that the Court award, as a sanction against Defendants, $1,000.00 in attorney's fees incurred in bringing the instant Motion. (*Id.* at 3–5).

Here, the material terms of the settlement agreement are unequivocally memorialized by the written agreement signed by all parties. (Doc. 41-1). Defendants have raised no dispute as to these terms, nor adduced any evidence of fraud or duress—indeed, they have not communicated at all with the Court since Plaintiff initiated this post-dismissal motion practice. The agreement clearly outlines Defendants' obligation to pay Plaintiff a settlement amount totaling $9,000.00, which was to be disbursed in eighteen monthly payments due on the first of every month, beginning October 1, 2022. Were Defendants to miss any of those payments, the agreement provided they would have fifteen days to cure and make payment. And should those fifteen days elapse, a late fee was to be added to the monthly payment. Then, if the payment including the late fee was not paid by the end of the month, an acceleration clause provided that all payments due would immediately become payable.

To date, Defendants have failed to remit any payment to Plaintiff. By the plain terms of the agreement, when Defendants missed their October 1, 2022 payment, they had fifteen days to cure. They did not. Then, they had until October 31, 2022 to make the first monthly payment, including the additional late fee. They did not. Accordingly, the acceleration clause took effect, and the full agreed settlement amount became payable immediately. Because there is no dispute as to its terms, the Court must enforce the settlement agreement. Accordingly, Plaintiff's Motion

to Enforce Settlement Agreement (Doc. 41) is **GRANTED** and Defendants are **ORDERED** to pay the full settlement amount of $9,000.00 to Plaintiff.

Additionally, Plaintiff asks the Court to employ its inherent sanctioning authority to assess the attorney's fees Plaintiff incurred in preparing the instant Motion against Defendants. "Federal courts possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (citation and internal quotation marks omitted). Within this authority is the ability to fashion sanctions, including the assessment of attorney's fees. *Id.* Such fees should be awarded only in a manner that is compensatory—not punitive—and only when the sanctioned party's misconduct is a but-for cause of the recovering party's fees. *Id.* at 1186–87.

Here, Defendants' failure to abide by the undisputed terms of the executed settlement agreement left Plaintiff no recourse outside of bringing the instant Motion and incurring the attendant attorney's fees. And, significantly, this is not a case in which there was good-faith disagreement about the material terms of the settlement between the parties. Rather, Defendants have altogether stopped communicating with Plaintiff—and the Court—since executing the settlement agreement. Defendants are therefore the but-for cause of Plaintiff's expenses, and the Court will award compensation. The Court finds that Plaintiff's attorney's hourly rate ($250.00) and hours incurred in preparing the Motion (four) are reasonable. Accordingly, Defendants are **ORDERED** to pay an additional award of $1,000.00 to Plaintiff, representing her attorney's fees in preparing this Motion.

IV.     **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion is **GRANTED**, and Defendants are **ORDERED** to pay a judgment in the full settlement amount of $9,000.00, as well as an additional award of $1,000.00, representing Plaintiff's attorney's fees in preparing this Motion. The Court further **ORDERS** that the supporting Motion (Doc. 41) be **UNSEALED**. This case having already been dismissed with prejudice by the parties, this represents the final judgment of the Court.

IT IS SO ORDERED.


Date:  February 7, 2023                                    /s/ Kimberly A. Jolson
                                                           KIMBERLY A. JOLSON
                                                           UNITED STATES MAGISTRATE JUDGE